

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2008

# Cox v. Pate

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cox v. Pate" (2008). *2008 Decisions.* Paper 1022.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1022

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1635

WINDAL COX; TAMIKA MCAFEE,

Appellants

v.

RONALD PATE; CITY OF BUTLER

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 05-CV-1712
Magistrate Judge: The Honorable Francis X. Caiazza

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2008

Before: SMITH and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge**

(Filed: June 16, 2008)

OPINION

SMITH, *Circuit Judge*.

In December of 2003, Sergeant Pate, an officer with the Drug Task Force of the

---

*The Honorable William H. Stafford, Jr., Senior District Judge of the Northern District of
Florida, sitting by designation.

Attorney General of the Commonwealth of Pennsylvania, obtained from a Pennsylvania district justice a search warrant for a hotel room at the Days Inn in Butler, Pennsylvania. During the execution of the search warrant, Windal Cox and Tamika McAfee, the occupants of the hotel room, were detained. When the search uncovered crack-cocaine, cell phones, and a firearm, both Cox and McAfee were arrested. Although McAfee was released on the same day of her arrest, Cox remained in custody for almost a year. In April of 2004, a federal grand jury returned an indictment against Cox and McAfee, charging both of them with violating provisions of the Controlled Substances Act. Cox was also charged with unlawfully possessing a firearm in violation of 18 U.S.C. § 924(c)(1).

Cox and McAfee moved to suppress the evidence obtained during the search of their hotel room. The District Court granted the motion, finding that the probable cause affidavit was made with at least a reckless disregard for the truth concerning the confidential informant's reliability, and that with excision of these misrepresentations, probable cause was lacking. Following the dismissal of the indictment, Cox and McAfee filed this civil rights action against Sergeant Pate and the City of Butler, alleging several state law claims and a § 1983 claim that their Fourth Amendment rights were violated as a result of the search of their hotel room and their subsequent arrest. The parties consented pursuant to 28 U.S.C. § 636(c)(1) to the Magistrate Judge's conducting the proceedings. Thereafter, Sergeant Pate and the City of Butler filed a motion for summary

judgment. The Magistrate Judge granted the motion, concluding that Cox's and McAfee's unlawful search claims were barred because they failed to demonstrate that they sustained any damages. The false arrest claims also fell because Cox conceded that there was probable cause for his arrest, and because the Magistrate Judge concluded that there was probable cause for McAfee's arrest.

This timely appeal followed.[1] Cox and McAfee assert that the Magistrate Judge erred because even if they are unable to establish that they sustained any damages, they are entitled to nominal damages. Sergeant Pate does not disagree that the Magistrate Judge's reasoning is flawed. He submits, however, that we should affirm the grant of summary judgment because there was probable cause to support the issuance of the search warrant and the subsequent arrest.

We agree with Cox and McAfee that the Magistrate Judge erred in his conclusion that they sought only damages stemming from post-indictment proceedings. Nonetheless, we conclude that the grant of summary judgment in Sergeant Pate's favor should not be disturbed.

The issue before us is not whether the suppression court properly applied the

---

[1]The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. Appellate jurisdiction exists under 28 U.S.C. § 1291. Because Cox and McAfee only challenge the Magistrate Judge's grant of summary judgment on their Fourth Amendment claims against Sergeant Pate, we need not review the grant of summary judgment in favor of the City of Butler or on their state law claims. Our review of an order granting summary judgment is subject to plenary review. *Shuman ex rel Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005).

3

exclusionary rule in the criminal proceeding in deciding that the affidavit lacked probable cause. Rather, the issue in this civil rights action is whether Cox and McAfee can establish that their constitutional right not to be subjected to a search without probable cause was violated. In *Illinois v. Gates*, 462 U.S. 213, 238 (1983), the Supreme Court reaffirmed the "totality-of-the-circumstances analysis that traditionally has informed probable cause determinations." To put the question another way, were there sufficient facts to establish that there was a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* After considering the totality of the circumstances, we conclude that the officers had probable cause to search. We cannot ignore that the confidential informant, who was not anonymous, met Sergeant Pate to surrender the substance that the informant had recently purchased from Cox in his hotel room, and that the substance field tested positive for crack-cocaine. This, together with information from the confidential informant that she had observed a large amount of currency and a large amount of crack-cocaine in the hotel room, provided a substantial basis to conclude that contraband or evidence of a crime would be found in the hotel room. *Id.* at 239; *see United States v. Brown*, 448 F.3d 239, 249-50 (3d Cir. 2006) (listing specific aspects of tips that indicate reliability, including whether tip was conveyed in a face-to-face interaction with an officer and whether informant may face consequences for the information provided). Because "probable cause justifies a search," we will affirm the grant of summary judgment in favor of defendants on the § 1983 Fourth Amendment

4

claims. *Whren v. United States*, 517 U.S. 806, 819 (1996).

Both Cox and McAfee also alleged in their complaint that they were arrested without probable cause in violation of their Fourth Amendment rights. Sergeant Pate's summary judgment motion explicitly argued that probable cause existed for both the search and the arrest and that the § 1983 false arrest claims failed as a matter of law. App. Vol. II at 45. In response, Cox conceded that there was probable cause to arrest him. McAfee, however, refused to concede this point in the District Court, and addressed only Sergeant Pate's erroneous assertion that the subsequent indictment established that there was probable cause for her arrest. The Magistrate Judge appropriately recognized that the subsequent indictment had no bearing on her claim for false arrest. App. Vol. I, at 7. After considering the circumstances surrounding the arrest, including the contraband seized during the execution of the search warrant, the Magistrate Judge concluded that there was probable cause to arrest McAfee, App. Vol. I, at 9, and granted summary judgment on McAfee's false arrest claim in Sergeant Pate's favor.

On appeal, McAfee acknowledges that Sergeant Pate "advocated [in his motion for summary judgment] that probable cause is a complete and affirmative defense" to her false arrest claim. She does not contend that Sergeant Pate lacked probable cause to arrest her. Instead, she asserts that, because the Magistrate Judge granted summary judgment for reasons other than those advanced by Pate, she was deprived of the opportunity to make a record in the district court that would allow her to adequately

5

respond to Pate's assertion that probable cause existed for her arrest. In addition, she summarily states that the Magistrate Judge erred because it failed to provide any reasoning or case law to support its conclusion that probable cause existed.

We cannot ignore the fact that probable cause to arrest Cox and McAfee has been at issue since the commencement of this § 1983 action alleging a violation of their Fourth Amendment right not be arrested without probable cause. Pate specifically argued in his summary judgment motion that there was probable cause for the arrest. For that reason, we reject McAfee's contention that she was deprived of the opportunity to make a record on this pivotal issue.

Nor are we persuaded that the Magistrate Judge erred in his probable cause determination. Based on the contraband recovered during the execution of the search warrant, we agree with the District Court that there was probable cause to arrest McAfee, who was one of the occupants of the hotel room. *See Maryland v. Pringle*, 540 U.S. 366 (2003) (concluding that a reasonable inference could be drawn from the fact that each of the three occupants had knowledge of and exercised dominion and control over the contraband, thereby providing probable cause to arrest them). Although McAfee suggests that the Magistrate Judge erred because he failed to consider the preclusive effect that should be accorded the suppression court's conclusion in the criminal proceeding that the exclusionary rule required suppression of the evidence seized during the search, we conclude that McAfee does not have standing to invoke the exclusionary rule in this civil

6

proceeding. *United States v. Calandra*, 414 U.S. 338, 348 (1974) (instructing that "standing to invoke the exclusionary rule has been confined to situations where the Government seeks to use such evidence to incriminate the victim of the unlawful search"); *see also Hector v. Watt*, 235 F.3d 154, 158 (3d Cir. 2001).

For the above reasons, we will affirm the Magistrate Judge's order granting summary judgment in favor of Sergeant Pate.